IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

KAMRAN SALEEM,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀Civil Action No. 3:25-cv-00227
⠀⠀⠀⠀⠀Petitioner,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀United States Magistrate Judge
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀Christopher B. Brown
ATTORNEY GENERAL OF THE⠀)
UNITED STATES, WARDEN OF⠀)
MOSHANNON VALLEY⠀⠀⠀)
PROCESSING CENTER, U.S.⠀⠀)
DISTRICT COURT – WESTERN⠀)
DISTRICT OF PENNSYLVANIA, ICE)
PHILADELPHIA FIELD OFFICE⠀)
DIRECTOR, FIELD OFFICER⠀⠀)
DIRECTOR,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Respondents.⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

MEMORANDUM OPINION[1]

**Christopher B. Brown, United States Magistrate Judge**

Presently before the Court is a petition for a writ of habeas corpus under 28

U.S.C. § 2241 filed pro se by Petitioner, Kamran Saleem ("Saleem"), an immigration

detainee, who at the initiation of this matter was held at the Moshannon Valley

Processing Center, an immigration detention center located in the Western District

of Pennsylvania.[2]  Saleem is a native and citizen of Pakistan and is subject to a

---

[1]⠀⠀⠀⠀All parties have consented to full jurisdiction before a United States Magistrate Judge, including entry of a final judgment, under 28 U.S.C. § 636(c).  *See* ECF Nos. 8 and 12.

[2]⠀⠀⠀⠀Saleem has since been transferred to Lewisburg U.S. Penitentiary in Lewisburg, PA.  ECF No. 13-5; *see also* https://locator.ice.gov/odls/#/results.  As of June 2025, FCI Lewisburg is one of eight

final order of removal under 8 U.S.C. § 1231(a).  That said, he has been granted

relief under the United Nations Convention Against Torture and his removal to

Pakistan has been deferred.  ECF No. 9-1 at 11.  He has been in ICE custody since

June 2025 and ICE has informed him by letter dated October 23, 2025, that it is

"actively working to locate a safe third country to effectuate" his removal.  ECF No.

9-4 at 2.  Saleem, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), claims his

prolonged detention violates his due process rights and the removal order is

unconstitutional and should be revoked.  ECF No. 5, ¶¶ 4, 8-9.[3]  Respondents

contest this Petition arguing Saleem failed to exhaust the administrative remedies

available to him, and alternatively, fails to demonstrate there is not a significant

likelihood of removal in the reasonably foreseeable future.  ECF No. 16.

Respondents also argue the Court lacks jurisdiction to determine the validity of the

Final Order of Removal.  *Id.*  For the reasons stated below, the petition will be

granted and Respondents will be ordered to release Saleem from ICE detention

subject to appropriate conditions in accordance with 8 U.S.C. § 1231(a)(3) that are

in addition to his previously imposed conditions of state parole and/or probation.

---

federal facilities nationwide holding ICE detainees under an inter-agency agreement between the
Bureau of Prisons and ICE.  *See* https://www.pennlive.com/news /2025/06/pa-prison-is-
among-federal-facilities-that-will-hold-ICE-detainees.  This transfer does not divest the Court of
jurisdiction.  *See Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 448 (3d Cir. 2021).

[3]      To the extent Saleem seeks review by this Court of the "deportation order issued against
him," ECF No. 5, ¶ 1, this Court lacks jurisdiction to review the underlying merits of a removal
decision.  *See* 8 U.S.C. § 1252(e); *Department of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 112
(2020) (Courts cannot consider whether habeas petitioners are "actually inadmissible or entitled to
any relief from removal").

## I.    Relevant Background

### A.    Saleem Arrives in the United States and is Subject to Initial Removal Proceedings

Saleem is a native and citizen of Pakistan.  ECF No. 9-1 at 2.  On March 10, 2015, a United States border patrol agent encountered Saleem near the El Centro Border Patrol Station and determined Saleem had entered the United States illegally near Calexico, California.  *Id.*  He was arrested and processed as an expedited removal.  ECF No. 9-2, ¶ 3.  On April 1, 2015, an asylum officer determined Saleem had a credible fear of return to Pakistan.  *Id.*, ¶ 4.  Following his credible fear interview, Salem was issued on April 7, 2015, a Notice to Appear charging him with removability under 8 U.S.C. § 1182(a)(6)A)(i) "as a noncitizen present in the United States without being admitted or paroled, or who arrived in the United States as at any time or place other than as designated by the Attorney General" and placed into removal proceedings.  *Id.*, ¶ 5.  On May 14, 2015, ICE released Saleem on bond.

Four years later, on June 25, 2019, Saleem filed Form I-589, Applications for Asylum, Withholding of Removal, and Protection under the Convention Against Torture ("CAT").  ECF No. 9-1 at 3.  A year later, on June 24, 2020, while those applications were still pending, Saleem was arrested and charged with possession of child pornography, dissemination of child pornography, and criminal use of a communication facility.  ECF No. 9-2, ¶ 8, *see also* https://ujsportal.pacourts.us /Report/CpDocketSheet, Docket Number: CP-01-CR-00006980-2020.  He pled guilty to the charges on March 1, 2021, and was sentenced on May 24, 2021, to a term of

imprisonment of 30-60 months on the dissemination of child pornography conviction, to be followed by 3 years probation on the criminal use of communication facility conviction. *See* https://ujsportal.pacourts.us/Report/CpDocketSheet, Docket Number: CP-01-CR-00006980-2020. No further penalty was imposed on the possession of child pornography conviction. *Id.*

About five months after the sentence was imposed, the Immigration Court held a hearing on October 15, 2021, on Saleem's claims for asylum, withholding of removal, and withholding of removal under CAT. ECF No. 9-1 at 3.[4] The Immigration Judge denied Saleem's applications for asylum, withholding of removal, and withholding of removal under CAT and ordered Saleem removed to Pakistan. ECF No. 9-1, at 11. While the Immigration Judge ordered Saleem removed from the United States to Pakistan, the Immigration Judge granted Saleem's application for deferral of removal under CAT and ordered Saleem's removal to Pakistan be deferred in accordance with 8 C.F.R. § 1208.17(a). *Id.* Further, the Immigration Judge's Decision and Order states, Saleem "may be removed at any time to another country where he is not likely to be tortured." *Id.* at 10. The Department of Homeland Security ("DHS") and Saleem waived appeal, and the removal order became administratively final on January 22, 2022, more than four years ago. ECF No. 9-2, ¶ 13.

---

[4]    Through counsel, Saleem stipulated that based on his convictions, he was "not statutorily eligible for asylum or withholding of removal." ECF No. 9-1 at 3.

On March 18, 2022, Saleem's bond was cancelled and ICE later placed a detainer on Saleem to execute upon his release from state custody.  ECF No. 9-2, ¶¶ 14, 16.

### B.    Saleem is Taken Into ICE Custody

On June 25, 2025, Saleem served his state prison sentence, was paroled, and immediately placed into ICE custody where he was transferred to Moshannon Valley Processing Center.  *Id.*, ¶ 17.  Because of the Immigration Judge's deferral of the removal order, Saleem remains in ICE custody while DHS seeks to remove him to a third country other than Pakistan.  Respondents have attempted to effectuate Saleem's removal from the United States through forwarding I-241 requests (Request for Acceptance of Alien) to Bangladesh, Tajikistan, and Azerbaijan.  *Id.*, ¶¶ 18, 19, and 20.

On October 23, 2025,[5] ICE completed Saleem's 90-day post-order review and determined Saleem would remain detained because he had

> not demonstrated that, if released, you will not pose a danger to the community.  This is evidenced by your conviction for sexual abuse of children and criminal use of a communication facility.  Additionally, ICE is actively working to locate a safe third country to effectuate our removal, and removal is practicable, and could occur in the reasonably foreseeable future, and in the public interest.

---

[5]    On September 11, 2025, Saleem was given a Notice to Alien of File Custody Review which indicated his case would be "review[ed] for consideration of release on an Order of Supervision on or about 9/23/2025.  ECF No. 9-3.  Respondents do not explain why the custody review occurred on October 23, 2025, a month later than Saleem was told it would occur.  ECF No. 9-4.

ECF No. 9-4 at 2.  This determination was "based on a review of [Saleem's] file, consideration of the information [Saleem] submitted to ICE's reviewing officials, and upon review of the factors for consideration set forth in 8 C.F.R. § 241.4(e), (f), and (g)."  *Id.*  Salem was further advised if he has

> not been released or removed from the United States at the expiration of the three-month period after this 90-day review, jurisdiction of the custody decision in your case will be transferred to ICE Headquarters (ERO Removal Division) . . . .  The ERO Removal Division will thereafter conduct a custody review and will make a determination regarding whether you will continue to be detained pending removal or may be released.
>
> To assist in the ERO Removal Division custody review, you will be afforded a personal interview. . . .

*Id.* at 2-3.

The most recent 90-day period expired on January 21, 2026 and Mr. Saleem remains detained.  Indeed, as of February 27, 2026, none of the three countries - Bangladesh, Tajikistan, nor Azerbaijan - has issued a travel document for Saleem despite Respondents requests many months prior.  ECF No. 16 at 2.

## II.    Procedural History

On July 29, 2025, Saleem filed in this Court a motion for leave to proceed in forma pauperis.  ECF No. 1.  Because the motion contained a number of deficiencies, the motion was denied and the case administratively closed.  ECF No. 2.  On October 20, 2025, Saleem remitted the filing fee, ECF No. 3, and filed an amended habeas petition, ECF No. 5.  The case was reopened on October 27, 2025,

and the U.S. Marshal was directed to serve the amended petition on Respondents. ECF No. 6.

Respondents filed a response to the amended petition, with various exhibits, ECF No. 9, to which Saleem filed a Reply Memorandum, ECF No. 13.  On February 24, 2026, the Court directed Respondents to provide supplemental briefing on (1) whether Saleem has met his burden to show his detention is unreasonable as his detention now exceeds the six-month presumptively reasonable period; and (2) the current status of any attempts by Respondents to locate a country willing to accept Saleem.  ECF No. 14.  Respondents filed a timely supplement, ECF No. 16, which included a declaration from Deportation Officer Michael G. Blair confirming that as of February 27, 2026, neither Bangladesh, Tajikistan, nor Azerbaijan had issued a travel document for Saleem.  ECF No. 16 at 2.

## III.    Standard of Review

Title 28, United States Code, § 2241, allows a court to grant a writ of habeas corpus to a prisoner held "in violation of the Constitution or laws or treaties of the United States[.]"  *Id.*, § 2241(c)(3).  This Court has jurisdiction to hear the merits of this case under that statute.  *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").  *See also Roe v. Oddo*, No. 3:25-cv-128, 2025 WL 1892445, at *4 (W.D. Pa. July 9, 2025), *reconsideration denied*, 2025 WL 3030692 (W.D. Pa. Oct. 30, 2025) (holding that 8

U.S.C. § 1252(g) did not strip the Court of jurisdiction since it was "examining the contest of Petitioner's detention" and not "reviewing Petitioner's removal order.").

## IV.    Discussion

The central issue before the Court is whether Saleem's removal from the United States is likely to occur in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). According to Respondents, ICE's ongoing efforts to remove Salem to a third country sufficiently establish Saleem's removal is reasonably foreseeable. For the reasons below, the Court concludes Saleem has shown that his removal from the United States is not reasonably foreseeable and Respondents have not rebutted this showing.

### A.    Exhaustion

The Court briefly addresses Respondents' argument that Saleem's claims are barred because he has not exhausted his administrative remedies under 8 C.F.R. § 241.13. Respondents state Saleem "has not yet submitted a written request for release to ICE HQ Post Order Detention Unit pursuant to 8 C.F.R. § 241.13(d) to show that there is no significant likelihood of removal in the foreseeable future." ECF No. 16.

The Court finds under relevant immigration law, exhaustion of administrative remedies is statutorily required only on appeals from final orders. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order only if – (1) the alien has exhausted all administrative remedies available[.]"). And prudential

exhaustion is not necessary where, as here, Saleem's "interest in prompt access to a federal judicial forum outweighs the countervailing institutional interests." *See Lorenzo v. Bondi*, No. 2:25-cv-0923, 2026 WL 84521, at *2 (D.N.M. Jan. 12, 2026). An individual's interests weigh heavily against requiring exhaustion in the following three circumstances: (1) when the administrative remedy "may occasion undue prejudice to subsequent assertion of a court action"; (2) when there is doubt that the agency is "empowered to grant effective relief"; and (3) when an administrative body is "shown to be biased" or shown to have predetermined the issue before it. *McCarthy v. Madigan*, 503 U.S. 140, 146-47 (1992) (superseded by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, but only as it relates to prison litigation subject to the PLRA). Accordingly, the Court will not require administrative exhaustion.

### B. Saleem's Detention is Unlawful Under 8 U.S.C. § 1231 and *Zadvydas* Because His Removal is Not Reasonably Foreseeable

#### 1. Legal Standard: Post-Removal Order Detention Under U.S.C. § 1231 and *Zadvydas*

The parties agree Saleem is being detained under the post-removal detention provision of the Immigration and Nationality Act, codified at 8 U.S.C. § 1231(a), which states, in pertinent part:

> [(1)(A)] Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
> . . .

[2)(A)] During the removal period, the Attorney General
shall detain the alien. Under no circumstance during the
removal period shall the Attorney General release an
alien who has been found inadmissible under section
1182(a)(2) or 1182(a)(3)(B) of this title or deportable
under section 1227(a)(2) or 1227(a)(4)(B) of this title.
. . .

[6)] An alien ordered removed who is inadmissible under
section 1182 of this title, removable under section
1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who
has been determined by the Attorney General to be a risk
to the community or unlikely to comply with the order of
removal, may be detained beyond the removal period and,
if released, shall be subject to the terms of supervision in
paragraph (3).

While § 1231(a)(6) provides that certain noncitizens may be detained beyond
the removal period, the text of § 1231(a)(6) does not contain an express limit on the
duration a noncitizen can be detained under its authority. But in *Zadvydas*, the
Supreme Court of the United States considered whether § 1231(a)(6) authorizes the
indefinite detention of a noncitizen subject to a removal order, or whether the
statute permits detention only for a period reasonably necessary to secure the
noncitizen's removal. *Zadvydas*, 533 U.S. at 692. Recognizing "the serious
constitutional problem arising out of a statute that, in these circumstances, permits
an indefinite, perhaps permanent, deprivation of human liberty," *id*. at 692, the
*Zadvydas* Court "construe[d] [§ 1231] to contain an implicit 'reasonable time'
limitation." *Id*. This period, the Supreme Court determined, is presumptively six
months. *Id*. at 701.

Thus, in *Zadvydas*, the Supreme Court interpreted Section 1231(a)(6) to limit
post-removal order detention to a period "reasonably necessary to bring about that

10

alien's removal from the United States." *Id*. at 689.  As the Supreme Court found, a post-removal order detention period of six months was "presumptively reasonable[;]" however, beyond those six months, if removal no longer is reasonably foreseeable, continued detention becomes unauthorized.  *Id*. at 701.

The six-month presumption "does not mean that every alien not removed must be released after six months."  *Id*.  But if a noncitizen is detained beyond six months, the reasonable presumption no longer exists.  At that point, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id*.  Thus, an alien is not necessarily entitled to release at the conclusion of six months of post-removal order detention.  Instead, DHS may continue detention until no significant likelihood of removal in the reasonably foreseeable future exists.  *Id*.

### 2.    Saleem Has Been Detained for More than Six Months Meaning His Detention Exceeds the Presumptively Reasonable Period

It is undisputed Saleem has been detained beyond the presumptively reasonable six-month period established in *Zadvydas*.  Saleem's removal period began on June 25, 2025, when he was paroled from state prison and detained by ICE.  At the time of the issuance of this Memorandum Opinion, Saleem has been re-detained approximately 254 days (or 8 months, 9 days).

Because over 8 months have elapsed since Saleem has been in ICE custody, Saleem's detention exceeds the presumptively reasonable six-month period under

*Zavydas*.  The Court next determines whether Saleem has established there exists no significant likelihood of his removal in the reasonably foreseeable future.

### 3.   Saleem has Shown that his Removal is not Reasonably Foreseeable

Respondents contend Saleem has failed to meet his burden demonstrating that removal is not significantly likely in the reasonably foreseeable future.  ECF No. 16 at 2.  The Court is mindful that Saleem proceeds pro se.  Pleadings filed by pro se litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).  Similarly, a pro se habeas petition must be construed liberally.  *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

First, Saleem has been granted a deferral of removal to Pakistan, ECF No. 9-1 at 1, the only country to which Saleem has a claim to citizenship.  Without lifting the deferral, Saleem cannot be removed to Pakistan.  According to Respondents, the deferral "will last until a third-party country can be found that will accept [Saleem]."  ECF No. 16 at 1.  The fact that Saleem's removal to Pakistan is deferred weighs in favor of finding that Saleem's removal is unlikely to occur in the reasonably foreseeable future.

Next, according to Respondents, ERO mailed requests to accept Saleem to Bangladesh and Tajikistan in July 2025 and Azerbaijan in August 2025.  ECF No. 9-2 at 4, ¶¶ 18-20.  Respondents claim that because "Bangladesh, Tajikistan and

12

Azerbaijan have not declined to issue a travel document for Saleem, [ ] there

remains a significant likelihood of his removal in the reasonably foreseeable future."

ECF. No. 16-1, ¶ 3.  However, Respondents have provided no evidence indicating

whether any of these countries will accept, or even are considering accepting,

Saleem.  Although Respondents state, "between Fiscal Year 2019 and 2024, ICE has

removed 766 citizens of Pakistan, the majority of which had been granted deferral

of removal," ECF No. 9-2, ¶ 25, Respondents have not suggested any time frame for

when Saleem's deferral may be lifted or whether Pakistan or any of the three

named countries will accept a Pakistan citizen, like Saleem, who worked for the

Awami National Party, ECF No. 9-1 at 4, and has criminal convictions for

disseminating child pornography and criminal use of communication facility.  These

facts provide good reason to believe there is no significant likelihood of Saleem's

removal in the reasonably foreseeable future.  *See Zavvar v. Scott*, No. 25-2104,

2025 WL 2592543, at *7 (D. Md. Sept. 8, 2025) (finding lack of response from third

countries to I-241 requests for "more than two months" weighed in favor of finding

that removal was not reasonably foreseeable).

And third, Saleem indicates he "has a fear of the process of removal to a third

Country."  ECF No. 5, ¶ 6.B.  Depending on the third country to which ICE seeks to

remove him, Saleem may be statutorily protected from removal.  *See E.D.Q.C. v.*

*Warden, Stewart Det. Ctr.,* 789 F. Supp. 3d 1234, 1240-41 (M.D. Ga. June 3, 2025),

*reconsideration denied, stay granted*, 2025 WL 1829416 (M.D. Ga. July 2, 2025)

("[A]s recently discussed by the district court in *D.V.D.,* an alien must be given

notice prior to removal to a third country and an opportunity to seek withholding of removal to that country under 8 U.S.C. § 1231(b)(3) and the Convention Against Torture ("CAT") (citing *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 386–87 (D. Mass. 2025), *opinion clarified*, 2025 WL 1323697 (D. Mass. May 7, 2025), *and opinion clarified*, 2025 WL 1453640 (D. Mass. May 21, 2025), *reconsideration denied sub nom. D.V.D. v. U.S. Dep't of Homeland Sec.*, 786 F. Supp. 3d 223 (D. Mass. 2025)). This fact also weighs in favor of finding Saleem is not likely to be removed in the reasonably foreseeable future.

The burden thus shifts to Respondents to introduce evidence to refute Saleem's showing that he is not likely to be removed in the reasonably foreseeable future.

**4.    Respondents Have Not Rebutted Saleem's Showing that He is Not Likely to be Removed in the Reasonably Foreseeable Future**

As noted above, Respondents argue "there remains a significant likelihood of [Saleem's] removal in the reasonably future" because Bagladesh, Tajikistan, and Azerbaijan have not declined to issue a travel document for him. ECF No. 16-1, ¶ 3. While those countries may have not declined to issue a travel document for Saleem, they have not agreed to do so either. This is despite the request to issue travel documents made more than 6 months ago. As such, there is nothing in the record that convinces this Court there is a reasonable likelihood (or not) of his removal in the future let alone any progress being made to that end. Several courts have granted habeas petitions under *Zadvydas* when the government has only

14

demonstrated a unilateral effort without establishing actual progress toward removal. *See Jimenez Chacon v. Lyons*, No. 25-cv-977, 2025 WL 3496702, at *8 (D.N.M. Dec. 4, 2025) (noting reaching out to a third-party country about removal without receiving any indication of likely acceptance fails to demonstrate a significant likelihood of removal in the reasonably foreseeable future); *Ahrach v. Baltazar*, No. 25-cv-03195, 2025 WL 3227529, at *5 (D. Colo. Nov. 19, 2025) (finding the government did not meet its burden by reaching out to three countries soliciting removal without receiving a response); *Salazar-Martinez v. Lyons,* No. 2:25-cv-61, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025) (finding the government failed to meet its burden when it submitted repatriation requests to four countries and two were denied and two received no response for five months); *Hassoun v. Sessions*, No. 18-cv-00586, 2019 WL 78984, at *5 (W.D.N.Y. Jan. 2, 2019) (finding government failed to meet its burden when it had four requests for travel documents pending for about five months).

Although the October 23, 2025, decision to continue Saleem's detention stated, "ICE is *actively working* to locate a safe third country to effectuate your removal, and removal is practicable, and could occur in the reasonably foreseeable future[,]" ECF No. 9-4 at 2 (emphasis added), the Declaration of Deportation Officer Michael G. Blair reveals that as of February 27, 2026 – more than six months after the requests were sent – these requests are still pending.  ECF No. 16-1, ¶ 3.

The evidence shows the process for procuring travel documents to a third country for Saleem remains uncertain and protracted.  Respondents are no closer to

removing Saleem now than they were in July / August 2025.  Accordingly, the Court concludes, Saleem has met his burden and has proven he faces "indefinite and potentially permanent" detention.  *Zadvydas,* 533 U.S. at 696.

## V.    Conclusion

The petition for writ of habeas corpus will therefore be granted and Respondents will be directed to release Saleem from ICE detention subject to appropriate conditions in accordance with 8 U.S.C. § 1231(a)(3) that are in addition to his previously imposed conditions of state parole and/or probation.  An appropriate Order follows.

DATED this 6th day of March, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:    KAMRAN SALEEM
        A202176794
        MOSHANNON VALLEY PROCESSING CENTER
        555 GEO DRIVE
        PHILIPSBURG, PA 16866
        (address of record)
        (via U.S. First Class Mail)

        KAMRAN SALEEM
        Reg: 36777-506
        FCI Lewisburg
        Federal Correctional Institution
        P. O. Box 1000
        Lewisburg, PA 17837
        (address indicated on detainee locator)
        (via U.S. First Class Mail)

        All counsel of record
        (via ECF electronic notification)